**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JUANITA L. GOWDY,** | ) | **CASE NO. 1:14 CV 1003** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **OHIO CHILDREN AND FAMILY** | ) | **AND ORDER** |
| **SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Juanita L. Gowdy filed this action against Ohio Children and Family Services. In the Complaint (Doc. # 1), Plaintiff claims the Defendant wrongfully terminated her certification to be a day care provider in 2007 and closed her husband's day care that same year. She does not specify the legal claims she is asserting in this action. She seeks monetary damages in the amount of "900 Billion" dollars, and asks this Court to reopen her cases.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. # 2). That Application is granted.

### I. BACKGROUND

Plaintiff's Complaint provides very little information. It appears from the attachments to her Complaint that she worked as a substitute at a day care owned by James Gowdy from 1990-1998. Plaintiff married Gowdy in 1998. She was certified to provide childcare in 2000. At

some point prior to her marriage to Gowdy, allegations of criminal conduct were levied against Plaintiff's daughter, Thomasina Baker. Plaintiff does not indicate the nature of these charges. The allegations were eventually charged against Plaintiff, although she does not state specifically who attributed the charges to her or how those charges were brought. She does indicate that the charges were brought against her as Juanita Gowdy even though she was not married to James Gowdy at the time the alleged incident occurred. These charges were used in 2007 to rescind her certification and to cause her husband's day care license to be revoked. She indicates that she unsuccessfully attempted to dispute the charges in state court. She contends the charges were used to deny her custody of her granddaughter in favor of the child's biological father in 2010. She attaches court documents suggesting she filed a civil action against the Cuyahoga County Department of Children and Family Services, and appealed an unfavorable judgment to the Ohio Eighth District Court of Appeals. Her appeal was dismissed on May 17, 2012.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis

when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

As an initial matter, Plaintiff's Complaint contains no indication of the legal claims she

intends to assert in this action. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in her Complaint places an unfair burden on the Defendant to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state the federal claim or claims upon which Plaintiff intends to base her action.

Even if Plaintiff identified a federal cause of action in her Complaint, she would have to overcome two procedural bars. First, she attaches documents from the state courts indicating she filed an action against the Defendant in state court. *See Gowdy v. Cuyahoga Cty. Dept. of Children & Family Servs.*, No. 95956, 2011 WL 1744430 (Ohio App. 8 Dist. May 5, 2011). A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736,

744 (6th Cir. 2002). In other words, if Plaintiff filed a prior action in state court, and a judgment was rendered against her which bars her from filing another case in state court on those same facts, she cannot circumvent that procedural bar by filing the same action in federal court. When a federal court is faced with a state court judgment involving the same parties, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether the prior judgment should be given preclusive effect in a federal action. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984).

Under Ohio law, the doctrine of *res judicata* dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Trustees*, 69 Ohio St.2d 241, 243 (1982). Application of the doctrine of *res judicata* does not depend on whether the original claim explored all possible theories of relief. *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). Rather, "a valid, final judgment upon the merits of the case bars any subsequent action 'based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392 (2008). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73

Ohio St.3d 379, 382 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*. By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

In the instant action, Plaintiff does not provide any indication of the claims asserted in the case filed in Cuyahoga County against Children and Family Services. The appeal documents attached to her Complaint indicate she contested the five accusations of child neglect levied against her in 1990, 1995, 1996, 1997, and 1998, and the termination of her day care certification. *Gowdy*, No. 95956, 2011 WL 1744430 at *1. Plaintiff is barred by both claim and issue preclusion from asserting those same claims or new claims based on those same facts in state or federal court. This Court is bound to give full faith and credit to the state court decisions.

Finally, the only possible federal cause of actions that could be construed from these facts would arise under one of the civil rights statutes. The statute of limitations for actions arising under 42 U.S.C. §§ 1981, 1983 or 1985 is two years. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989) (en banc)). Plaintiff claims this incident took place in 2007, well beyond the two year statute of limitations period.

## IV.  CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 2) is granted and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

*/s/Dan Aaron Polster 9/16/14*
**Dan Aaron Polster**
**United States District Judge**

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-7-